UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

Case Number: 18-15111-LMI

ARTURO ENRIQUE REYES
GRISELDA REYES
    Debtor
_____/

OBJECTION TO MOTION TO ALLOW LATE CLAIM (#58)

    Nancy K Neidich, Standing Chapter 13 Trustee ("Trustee") files this Objection to the Motion to Allow Late Claim and states as follows:

    1) Creditor 559 8th Street Partners LLC admits that it filed Claim #16 after the claims bar date.

    2) The filing of a proof of claim in Chapter 13 is governed by Federal Rules of Bankruptcy Procedure (Rule) 3002. An unsecured creditor must file a timely proof of claim to hold an allowed unsecured claim pursuant to Rule 3002(a). In addition, Rule 3002(c) requires that proof of claim must be filed not later than 70 days after the order for relief. These Rules do provide for five (5) specific exceptions, none of which apply in this case. Rule 9006(b)(3) specifically limits the conditions under which the courts may enlarge the time for filing a proof of claim to those five specific exceptions listed in Rules 3002(c). Accordingly, the Court is unable to extend the bar date pursuant to the Rules.

    In fact, when the Supreme Court found excusable neglect for the late filing of a proof of claim in a Chapter 11, it excluded Chapter 13 and Chapter 7 from its findings. <u>Pioneer Inv.</u>

Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 1505, 123 L.Ed.2d 74, (U.S.Tenn. 1993), Footnote 4 states:

> "The time-computation and time-extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted. Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard.  One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases.  Such filings are governed exclusively by Rule 3002(c). See Rule 9006(b)(3);  By contrast, Rule 9006(b) does not make a similar exception for Rule 3003(c), which, as noted earlier, establishes the time requirements for proofs of claim in Chapter 11 cases.  Consequently, Rule 9006(b)(1) must be construed to govern the permissibility of late filings in Chapter 11 bankruptcies." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 1505, 123 L.Ed.2d 74, (U.S.Tenn. 1993)

The Rules governing proof of claims in Chapter 7 are the same as those governing in Chapter 13.  Consequently, the Supreme Court's analysis would be applied in a Chapter 13.  Just as in a Chapter 7 case, a Chapter 13 case has a finite period of existence.  If a unsecured creditor filed a proof of claim after the distribution of funds has begun to creditors, it would create an administrative burden on the Trustee to re-calculate the pro rata percentage due to each creditor. Furthermore, the Trustee may be required to seek a return of funds from creditors already paid or to seek an increase in the debtor's payments to pay the late claim's pro rata share.

     3)  Rule 3002(6) provides for an extension of the bar date if the Debtor fails to file the list of creditor names or address or if the notice was insufficient and mailed to a foreign address.

     4)  The address listed on Schedule E is an address listed on the 2018 Florida Limited Liability Company Annual Report for 559 8th Street Partners LLC .

     5)  559 8th Street Partners LLC had timely actual notice of the bankruptcy by the filing of a suggestion of Bankruptcy in the State Court Case, 559 8TH STREET PARTNERS (LLC) VS

REYES, ARTURO, Local Case Number: 2012-044242-CA-01.

6) The state court attorney for 559 8th Street Partners LLC as also listed in Schedule E as a creditor.

WHEREFORE, the Trustee objects to the Motion to Allow Late Claim.

        RESPECTFULLY SUBMITTED:
        NANCY K. NEIDICH, ESQUIRE
        STANDING CHAPTER 13 TRUSTEE
        P.O. BOX 279806
        MIRAMAR, FL 33027-9806

By: /s/_____
        Amy E. Carrington, Esq.
        *Senior Staff Attorney*
        FLORIDA BAR NO: 101877

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this and the Notice of Hearing was served through NEF on Patrick L Cordero, Esq on behalf of Debtor Arturo Enrique Reyes and Debtor Griselda Reyes, and Henry Hernandez, Esq. on behalf of Creditor 559 8th Street Partners LLC on

/s/_____
Amy E Carrington, Esq